**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHANTA D. NOBLES,<br><br>    **Plaintiff,**<br><br>  v.<br><br>QMB PORT HEALTH<br>INSURANCE, STATE OF<br>GEORGIA, DENISE NAIRRE, and<br>MS. COOK,<br><br>    **Defendants.** | **1:15-cv-1596-WSD** |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Shanta D. Nobles's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

On May 6, 2015, Plaintiff, *pro se*, filed her Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On May 8, 2015, Magistrate Judge Alan J. Baverman granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint consists solely of the conclusory statements that

Plaintiff "is do [sic] benefit premium from QMB Port Health insurance state of DNR," "Insurance premium from state of QMB health Insurance premium Benefit thank you," and "2010 old benefit premium is do benefit QMB port Health insurance State of Georgia QMB premium benefit."  (Compl. at 1).  Plaintiff also includes forty one (41) pages of attachments consisting almost entirely of letters addressed to Plaintiff from the Social Security Administration.

Plaintiff previously filed a similar action naming the Social Security Administration as a defendant.  Nobles v. Social Security Administration, No. 1:15-cv-94 (N.D. Ga. 2015).  After allowing Plaintiff an opportunity to amend her deficient original complaint, the Court dismissed the action as frivolous.

## II.    DISCUSSION

### A.    Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

3

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    Analysis

    Plaintiff's conclusory assertions in her Complaint fail to state a cognizable claim.  Although, for the purposes of a motion to dismiss, the Court must take all of the factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.  The Court also deems that, because Plaintiff's Complaint is patently frivolous, any amendment would be futile.  Accordingly, Plaintiff's Complaint fails to state a claim for relief, and is required to be dismissed.[1]

---

[1]    Because this action is dismissed, Plaintiff's Motion for Hearing [5] is denied as moot.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Shanta Nobles's Complaint [13] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing [5] is **DENIED AS MOOT**.

**SO ORDERED** this 24th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE